## ELMORE MILLING CO. v. HELVERING, Commissioner of Internal Revenue.

### No. 6021.

Court of Appeals of the District of Columbia. Argued Feb. 8, 1934.

Decided March 12, 1934.

William Cogger and William A. Neacey, both of Washington, D. C., for petitioner.

Sewall Key, J. Louis Monarch, E. B. Prettyman, L. W. Creason, and S. S. Faulkner, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

### PER CURIAM.

Petitioner is a corporation organized January 1, 1926, under the laws of New York. It is engaged in the milling business, and on the date mentioned it succeeded to a partnership business which had existed from 1910 and which at the time of the sale and transfer of assets from it to the corporation was composed of E. W. Elmore, his wife, Florence G. Elmore, and their son, Earl P. Elmore. In December, 1925, the partnership made an offer in writing to petitioner to sell and transfer to it all of the assets of the partnership and apparently also several parcels of real estate belonging to E. W. Elmore, in consideration for the entire capital stock of the corporation. The written offer recited the fact that all of the above named were members of the partnership, but the separate interest or share of each was nowhere stated. The offer concluded, however, with notice to the corporation that, in the event it was accepted, 4,495 shares of the corporation's stock should be issued to E. W. Elmore, 500 shares to Earl P. Elmore, and 5 shares to Harry M. Goldsmith. The offer was accepted, and a bill of sale was executed on January 2, 1926, by the three partners. The bill of sale conveyed all of the personal property, etc., of the partnership. Presumably the real estate was conveyed by deed, but as to this the record is silent.

The Commissioner disallowed as deductions for the years 1927 and 1928 certain claimed depreciation and assessed a deficiency. There was an appeal to the Board, but at the hearing petitioner did not offer any evidence as to the items covered by the de-

ficiency, but claimed an additional depreciation not shown in its returns for 1927 and 1928, and likewise claimed further rights to deductions on account of debts acquired from the partnership and charged off in the years in question as worthless. As to both of these subjects, petitioner's claim was that it was entitled to take depreciation and to calculate losses on the basis of the cost to its transferor, the partnership. The Board held that the only basis on which such deductions are allowable is the cost to petitioner, and, since there was no evidence on that point, the Commissioner was sustained. Petitioner insists that, since the transfer of property from the partnership to the corporation differed from an outright sale of property, and was in effect nothing more than an exchange of capital assets or a transfer of family properties to a close-corporation in exchange for stock, the exchange was one of form, and petitioner is entitled to the same basis of depreciation as the property would have in the hands of the transferor; in other words, that the corporation stands, for the purposes mentioned, exactly in the shoes of the partnership.

We agree with the Board of Tax Appeals that the question depends upon the proper construction of sections 203 and 204 of the Revenue Act of 1926 (44 Stat. 12, 14, 26 USCA §§ 934, 935). Section 203 (b) (4), 26 USCA § 934 (b) (4) provides that, if property is transferred to a corporation by two or more persons, and immediately after the transfer such persons are in control of the corporation, no gain or loss shall be recognized if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange. Section 204 (a) (8), 26 USCA § 935 (a) (8) provides that in such case as last above mentioned the basis for loss or depreciation shall be the same as it would be in the hands of the transferor.

The purpose of these provisions was to make applicable an exception to the ordinary basis for determining gain or loss, i. e., cost to taxpayer; but as in all such cases the exception applies only under the conditions definitely provided in the statute, that is to say, here, only if the interest of the transferors is substantially the same after the transaction as before. As to the facts the Board said: "The transferors of the property in the instant case were the three partners of the Elmore Milling Company, viz, Edwin W. Elmore, Florence C. Elmore, and Earl P. Elmore. Each of these transferors did not receive an amount of stock in the newly organized corporation, Elmore Milling Company, Inc., substantially in proportion to his interest in the property prior to the exchange. The evidence shows that 4,495 shares of said stock were issued to Edwin W. Elmore, 500 shares to Earl P. Elmore, and 5 shares to Harry M. Goldsmith (not a partner). No shares of stock were issued to Florence P. Elmore, one of the partners making the transfer."

It cannot be disputed that the above-quoted statement of facts is justified by the record. An examination shows nothing there which in any degree explains or qualifies the stated facts. In both the offer to sell and in the deed of sale, the three Elmores certified to the fact of partnership. Whether, as we have already said, they were equal partners is not shown, and perhaps it would not be going too far to say we might indulge the usual presumption, where nothing else appears, of identical interests by the several partners, but, even if we put that aside, and even also if we disregard the issue of the 5 shares of stock to Goldsmith as de minimis, we are still confronted with the fact that a business purporting and represented to be a partnership of 3 persons, by the transfer to the corporation, became the property of the corporation with stock interests in only two of them, and this with no evidence as to the respective interests which each owned in the partnership or how or why the transfer was accomplished, and hence we find ourselves reluctantly unable to say that the interests in the new corporation are substantially in proportion with the interests in the partnership. If there were anything upon which we could indulge the thought that Mrs. Elmore in signing the offer to sell and in signing the bill of sale was transferring only her rights as wife of her husband in his real estate, we should have little or no difficulty in bringing this transaction within the exception, but there is nothing on which to pin this, nor was anything of the kind claimed in the argument or suggested in the brief. On the contrary, counsel for petitioner speaks of the elimination of the wife's interest as arising out of an assignment to her husband prior to the transfer, but how or when is not proved. Certainly there was no express assignment, and, if we consider the instruction with relation to the manner of issue of stock, contained in the offer, as an equitable assignment, we are unable to say whether it applied to the interest in the partnership or to the interest in the stock when issued by the corporation.

We have, therefore, here a case in which the taxpayer claims the benefit of a statute creating an exception to the general rule in relation to the basis on which depreciation and losses may be calculated. In such a case the burden is on the taxpayer to bring himself within the terms of the exception. The Board held, and we think correctly, that it failed in this respect. This makes it necessary to affirm the Board's decision.

Affirmed.